PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1996 Ford Escort LX struck a hole when she was traveling on Route 17 in Fayette County. Route 17 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 2:00 p.m. and 2:30 p.m. on July 2,2004. Route 17 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that on the day in question, she was driving on Route 17 when she saw the hole. Ms. Eggerichs testified that the hole was approximately two feet wide, two feet long, and eight to twelve inches deep. She stated that it was a sunny and dry day and that she had seen the hole previously but she had been able to avoid it. On this occasion she could not avoid die hole because there was oncoming traffic and a man walking along the berm of the road. Ms. Eggerichs testified that she was traveling at approximately thirty five miles per hour. She also stated that she was attempting to catch a vehicle that had sped past a group of children at a fund raiser she had been attending. Claimant’s vehicle struck the hole sustaining damage to the right front axle and rim. Claimant’s vehicle sustained damage totaling $169.99.
The position of the respondent is that it was aware of the hole in question on Route 17 in Fayette County but that it was attempting to maintain the road as best *106 as possible. Joe Donnally, Maintenance Crew Supervisor for respondent in Fayette County, testified that there was a sewer line underneath Route 17 that was leaking. He stated that respondent’s crews had patched this area numerous times, but due to the leaking sewer line the hole continuously appeared until the sewer company was able to repair it.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle. However, the Court further finds that claimant was aware of the hole and that she could have slowed her vehicle prior to striking the hole, and therefore, the Court assesses forty percent (40%) comparative negligence against the claimant.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimants in this claim in the amount of $ 101.99.
Award of $101.99